UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TONY ROBERT JONES,

Petitioner,

v.

DEPARTMENT OF CORRECTIONS OF SOUTH DAKOTA, and the Warden of Moose Lake, Minn. Corr. Facility: LOU STENDER,

Respondents.

Civil File No. 01-308 (RHK/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this matter be transferred to the U.S. District Court for the District of South Dakota.

**I. BACKGROUND**

On or about April 17, 1990, Petitioner was convicted in a state court criminal case in Yankton, South Dakota. He was sentenced to twenty-five years in state prison, and he is currently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota, ("MCF-ML"). Petitioner represents that he was transferred to MCF-ML pursuant to the "Interstate Compact Exchange."

Although it appears Petitioner has never challenged his judgment of conviction in any state court proceeding, he is now seeking federal habeas corpus review of his conviction and sentence. His current petition lists two grounds for relief, which Petitioner

FILED FEB 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

has described as follows: (1) Illegal arrest and detainment under the fugitive of justice act[;] no process of law was given;" and (2) "Using enhansement [sic] to give addition[al] time based upon a[n] illegal incarceration." For the reasons discussed below, it will be recommended that the instant petition not be addressed on the merits in this District, but rather that the matter be transferred to the U.S. District Court for the district in which Petitioner was convicted – namely the District of South Dakota.

## II. DISCUSSION

Because Petitioner is currently incarcerated here in Minnesota, he can properly seek habeas corpus relief in this District, even though he was convicted in a South Dakota state court. Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981) ("a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian"). See also Rules Governing Section 2254 Cases In The United States District Courts, Rule 2, "Advisory Committee Notes" ("[t]he proper person to be served [with a petition for writ of habeas corpus] in the usual case is either the warden of the institution in which the petitioner is incarcerated... or the chief officer in charge of state penal institutions"). However, this Court must also consider whether Minnesota is the most appropriate venue for Petitioner's habeas corpus proceedings. Weeks, 638 F.2d at 693 ("[o]nce the custodian is properly served,... it is still proper to consider the most convenient forum for the litigation").

When a prisoner is incarcerated in a state other than the state in which he was convicted, it is generally preferable to have his federal habeas corpus claims considered in the state where he was convicted. Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973)

(habeas petition filed by a Montana prisoner housed in a South Dakota prison was properly transferred from the District Court of South Dakota to the District Court of Montana, because Montana – the place of conviction – was the preferable venue). The instant Petitioner was tried and convicted in South Dakota under that state's law, and the South Dakota Department of Corrections remains ultimately responsible for his custody. Therefore, the Court finds that Petitioner's current § 2254 habeas corpus petition should be litigated in South Dakota. See Smart v. Goord, 21 F.Supp.2d 309, 315 (S.D.N.Y. 1998) (habeas petition filed by New Hampshire prisoner held in New York prison was transferred to New Hampshire because that state was a more appropriate venue); Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (habeas petition brought by Nebraska prisoner housed in a Nevada prison should have been brought in Nebraska, not Nevada). It will therefore be recommended that this action be immediately transferred to the U.S. District Court for the District of South Dakota, pursuant to 28 U.S.C. § 1406(a).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to immediately transfer this action to the U.S. District Court for the District of South Dakota, pursuant to 28 U.S.C. § 1406(a).

DATED: February 21, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 9, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.